STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. FIRST STATE BANK OF BETHANY, APPELLANT: CLARENCE G. BLISS, APPELLEE.

FILED JULY 22, 1932. No. 28399.

*F. C. Radke, Barlow Nye, Arthur F. Mullen* and *G. E. Price,* for appellant.

*C. M. Skiles* and *I. D. Beynon,* contra.

*C. L. Clark,* for intervener.

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ.

ROSE, J.

This is a controversy between E. H. Luikart, present receiver of the insolvent First State Bank of Bethany, and Clarence G. Bliss, retiring receiver thereof, over the allowance of attorneys' fees for services performed for Bliss after his authority to act as receiver had been challenged and during the time occupied by him in making his final report, transferring assets to his successor and procuring his discharge. On pleadings putting in issue the validity

of the claim for attorneys' fees and on evidence adduced by both sides at the trial, the district court allowed the retiring receiver $50.43 for attorneys' fees and expenses and made the allowance payable out of assets of the insolvent First State Bank of Bethany. Luikart appealed.

This case, for the purpose of review, was consolidated with eight other cases pending in the supreme court on appeal from the district court for Lancaster county. Each of the nine cases was a receivership for an insolvent state bank of which Bliss had been receiver in the district court for Lancaster county. In each case he was allowed $50.43 for services and expenses of the same attorneys. In the judgment from which the appeal herein was taken attorneys' fees and expenses in all of the nine cases were estimated at $453.87 and one-ninth was allocated to each— $50.43. On appeal a decision in one case will determine all.

Bliss had been secretary of the department of trade and commerce, the branch of the government having supervisory control of state banks. While he was connected with that department, district courts throughout the state had appointed him receiver of 187 insolvent state banks. July 1, 1931, his authority as receiver was questioned and performance of his duties as such was then interrupted. With 54 of these banks in the course of liquidation July 8, 1931, Luikart was appointed secretary of the department of trade and commerce and took the position that his appointment automatically made him receiver of them. July 9, 1931, the district court for Lancaster county substituted Luikart for Bliss as receiver of each of the nine insolvent state banks in Lancaster county. The claim for attorneys' fees was based on legal services performed for Bliss from the time his services as receiver were interrupted until his final report was approved and his discharge as receiver herein ordered September 12, 1931.

The allowance of the attorneys' fees was assailed as erroneous on the grounds that Bliss as receiver was not entitled to services of counsel for making reports involving nothing more than an account of his receipts and disburse-

ments; that attorneys' fees were not allowable as an expense of the receivership because there was no necessity for the employment of attorneys; that the accounts and reports were properly made by auditors and other salaried employees of the department of trade and commerce without expense to the receiver; that a receiver had no authority to employ attorneys to perform ordinary duties requiring his personal services only; that inexcusable delay in closing the accounts of the receiver defeated allowance for attorneys' fees; that trust assets upon which depositors and other creditors had a first lien were not available for payment of unnecessary attorneys' fees; that in any event the fees allowed were excessive. These propositions in connection with the evidence were argued elaborately at the bar and in printed briefs, but the solution of all depends on the controlling facts and the rule of law that binds the supreme court in reviewing the allowance of fees fixed by the trial court, if necessary and allowable in any amount.

Bliss had been receiver of insolvent state banks in judicial proceedings in many of the district courts of the state. His authority to act in that capacity came from a court. He was not relieved of his duties as an officer of the court by his removal as secretary of the department of trade and commerce or by the appointment of Luikart as his successor in that executive position. Bliss could only be legally removed as receiver and discharged as such by an order of court. *State v. State Bank of Minatare, ante,* p. 109. It follows that prior to July 9, 1931, Bliss was receiver. Luikart had not previously been receiver. Prior to that date the status of Bliss as receiver, his duties and liabilities as such, and his relation to the courts, called for services of attorneys selected by himself under the circumstances disclosed by the record. The evidence will admit of no other conclusion. Furthermore, his duties as receiver did not terminate July 9, 1931, when his successor was substituted as receiver. Thereafter it was his unperformed official duty to the court and to the beneficiaries of

the trust to have his quarterly reports verified and approved and to have his final report prepared, checked and allowed, to turn the assets in his hands over to his successor, to procure a judicial order for his discharge and have it properly entered upon the journal of the court. Though salaried officers prepared his reports, it was still his duty to see that they were in proper form to protect him and the beneficiaries of the trust and that all necessary papers were legally executed. These duties, when honestly performed in good faith, as they were in the present instance, entitled the receiver to a reasonable allowance for services of the attorneys who aided him. The law sanctions an allowance for attorneys' fees under the circumstances disclosed by the evidence herein and courts generally so hold.

It is well-settled law that a reasonable allowance made by a trial court for necessary attorneys' fees payable out of assets in the hands of a receiver will not be disturbed on appeal except for an abuse of discretion in the action so taken. It is clear that Bliss was entitled to the allowance of attorneys' fees in some amount as an expense of the receivership. Witnesses upon whom the district court relied testified in effect that fees in excess of the amount allowed would be reasonable. The evidence fails to show that the trial court abused its discretion in allowing $50.43 for attorneys' fees and expenses and in making the allowance payable out of the assets of the First State Bank of Bethany.

The rulings herein apply to the other eight similar cases pending on appeal from the district court for Lancaster county and to all cases pending on appeal from other district courts where the same question as to attorneys' fees is involved.

AFFIRMED.