STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V.
RALSTON STATE BANK, APPELLEE: CLARENCE G. BLISS,
RECEIVER, APPELLANT.

FILED JULY 20, 1933. No. 28662.

*Skiles & Skiles, I. D. Beynon* and *Crossman, Munger & Barton,* for appellant.

*F. C. Radke, Barlow Nye, Arthur F. Mullen* and *G. E. Price, contra.*

Heard before GOSS, C. J., ROSE, DAY and PAINE, JJ., and CHASE, LOVEL S. HASTINGS and TEWELL, District Judges.

ROSE, J.

In a proceeding in the district court for Douglas county to wind up the affairs of the Ralston State Bank, an insolvent corporation, Clarence G. Bliss, while secretary of the department of trade and commerce, was appointed receiver. July 1, 1931, his authority as receiver was questioned and performance of his duties as such was then interrupted. With the bank in course of liquidation July 8, 1931, E. H. Luikart was appointed secretary of the department of trade and commerce and took the position that his appointment automatically made him receiver instead of Bliss. By judicial order July 18, 1931, Luikart was appointed receiver instead of Bliss, but the latter was not discharged as receiver nor his final report approved until September 18, 1931. This is a controversy between Luikart and Bliss over expenses of attorneys and their fees for services performed for Bliss after his authority to act as receiver had been challenged and during the time occupied by him in making his final report, transferring assets to his successor and procuring his dis-

charge. The same situation exists in five other proceedings to wind up the affairs of insolvent state banks in the fourth judicial district.

For expenses and services in the six cases, Bliss presented a claim for $468.79, one-sixth, or $78.13, to be allocated to each bank and paid as costs of the receivership out of funds in the hands of the receiver. The claim was resisted on the ground that the services of auditors and attorneys connected with the department of trade and commerce were available to Bliss, that the employment of special counsel was unnecessary and that Bliss was not entitled to any allowance for any expenses or fees of attorneys employed by him. The trial court adopted Luikart's theory of the controversy and rejected the entire claim. Bliss appealed.

The questions presented by the appeal were all determined adversely to Luikart, receiver, in *State v. First State Bank of Bethany,* 123 Neb. 620. The record shows that the circumstances in the controversy between the former and the substituted receiver were such as to call for attorneys selected by Bliss to aid him in the discharge of his duties as receiver from the time his authority as such was challenged July 1, 1931, until he was discharged September 18, 1931. The necessity for the professional services of the attorneys employed by Bliss is clear. The reasonableness of the expenses and fees for which he made his claim was shown by uncontradicted evidence, the objection being that he was not entitled to an allowance for any attorneys' fees. The trial court erred in disallowing the claim. The judgment of the district court is therefore reversed and the cause remanded, with directions to allow Bliss the expenses of his attorneys and their fees in the sum of $468.79, in the six cases, and allocate to each $78.13, with annual interest thereon at the rate of 7 per cent. per annum from the date on which the claim was disallowed in the district court and make the allowance an expense of the receivership payable from funds in the hands of the receiver.

REVERSED.