FRANK H. PRUCKA AND MARGARET PRUCKA, HUSBAND
AND WIFE, APPELLEES, V. PAPIO NATURAL RESOURCES
DISTRICT, APPELLANT.

292 N. W. 2d 293

Filed May 13, 1980.   No. 42565.

Paul F. Peters, for appellant.

J. Thomas Rowen of Miller & Rowen, P.C., for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C. J.

This is an appeal by Papio Natural Resources District from an order of the District Court for Sarpy County, Nebraska, allowing attorney's fees and costs to the appellees, Frank H. Prucka and Mar-

garet Prucka, husband and wife. For reasons more particularly set out in the opinion, we affirm the judgment of the trial court in allowing such attorney's fees and court costs.

Papio commenced an eminent domain proceeding in the county court of Sarpy County, Nebraska, seeking to acquire certain property of the Pruckas located in Sarpy County. The board of appraisers awarded damages in the Sarpy County court in the amount of $116,390.40. On appeal to the District Court for Sarpy County, Nebraska, the jury returned a verdict in the amount of $208,823.60, $92,433.20 more than the award in county court. Pursuant to Neb. Rev. Stat. § 76-720 (Reissue 1976), the Pruckas filed an application for attorney's fees and fees of expert witnesses, requesting an "appropriate amount." Appellant filed objections to the application, requesting that prior to the hearing on the application, the Pruckas be required to provide (1) An itemization of the hours expended by the Pruckas' attorney in the prosecution of the case; (2) A statement of the hourly rate which the Pruckas contended was applicable, and (3) An itemization of the Pruckas' expert witness fees.

On January 3, 1979, a hearing was had on the Pruckas' application, at the conclusion of which the trial court awarded attorney's fees in the amount of $30,000 and expenses in the amount of $3,404.16. The court also ordered Papio to pay costs of the action, including the $400 cost of a helicopter ordered by the court in order for the jury to view the property in question. Papio has appealed from that order. Among its several objections, Papio contends that the trial court erred in considering the fact that the Pruckas had entered into a contingent fee contract with their counsel. Likewise, Papio contends that the trial court erred in including in the award of attorney's fees services rendered by the Pruckas' attorneys prior to the appeal in the District Court.

Papio does not appeal from the award rendered by the jury for the taking.

The appeal in essence presents three questions: (1) Whether a contingent fee contract may be considered in a hearing before the District Court in determining what is a reasonable attorney's fee under the provisions of § 76-720; (2) Whether attorney services performed prior to the time the petition on appeal was filed in the District Court, but nevertheless relating to services performed in the trial to the District Court, are material and may be considered by the District Court in determining what is a reasonable attorney's fee under the provisions of § 76-720; and (3) Whether the District Court's award of $33,404.16 in the instant case for attorney's fees and taxable court costs constituted an abuse of discretion.

Section 76-720 provides, in part, as follows:

> If an appeal is taken from the award of the appraisers by the condemnee and the amount of the final judgment is greater by fifteen per cent than the amount of the award, . . . the court may in its discretion award to the condemnee a reasonable sum for the fees of his attorney and for fees necessarily incurred for not more than two expert witnesses.

While the statute is couched in terms of "may," we have held that, in the absence of unusual and compelling reasons, the court "shall" enter such an award. See, *Pieper v. City of Scottsbluff,* 176 Neb. 561, 126 N.W.2d 865 (1964); *Iske v. Metropolitan Utilities Dist.,* 183 Neb. 34, 157 N.W.2d 887 (1968). No question exists that the increase in the award was in excess of 15 percent and entitled the Pruckas to a reasonable attorney's fee.

We have further had occasion to indicate the factors to be considered by the court in entering such an award. In *Jensen v. State,* 184 Neb. 802, 811, 172

N.W.2d 607, 612 (1969), we said:

> We have said many times that in the determination of a reasonable attorney's fee there should be considered the importance of and the result of the case, the difficulties thereof, the degree of professional skill demonstrated, the diligence and ability required and exercised, the experience and professional training of the attorney, the difficulty of the questions of fact and law that are raised, and the time and labor necessarily required in the performance of those duties.

Likewise, in *Hughes Farms, Inc. v. Tri-State G. & T. Assn., Inc.,* 182 Neb. 791, 798, 157 N.W.2d 384, 388 (1968), we said:

> We believe that all of the elements entering into the determination of the amount of a reasonable fee as set out in Canon 12 of the Canons of Professional Ethics of the American Bar Association should properly be considered.

Canon 12 appears as DR-2-106(B) of the Code of Professional Responsibility adopted by this court on May 2, 1973, and provides, in part, as follows:

> Factors to be considered as guides in determining the reasonableness of a fee include the following: . . .
> 3. The fee customarily charged in the locality for similar legal services. . . .
> 8. Whether the fee is fixed or contingent.

While it is true, as we said in *Schimonitz v. Midwest Electric Membership Corp.,* 182 Neb. 810, 816, 157 N.W.2d 548, 552 (1968), that "we do not interpret the reference in section 76-720, R.R.S. 1943, to a reasonable fee to mean a contingent fee," we likewise do not mean to say that the court, in awarding a reasonable fee, may not consider the fact that the litigant is obligated to pay a contingent fee, particularly if such a contract is customary in the locality.

While that factor is neither the sole factor nor a factor to be given any greater weight than any other, it may, nevertheless, be considered. Likewise, the court may consider any other fee agreement entered into by the parties. The District Court was entirely correct in considering the fact that the Pruckas had entered into a contingent fee contract with their attorney as one of the factors in determining a reasonable fee in this case.

To some extent, Papio's argument concerning the award of attorney's fees seems to be based on a notion that the Pruckas failed to sustain a burden imposed upon them to introduce evidence sufficient to satisfy all of the factors set out in *Jensen v. State, supra.* We do not believe that the condemnee has any such burden. The trial court is obligated, under the clear meaning of § 76-720, to award a reasonable sum for the fees of the condemnee's attorney. This must be done whether the condemnee introduces any evidence or not. While it is in the condemnee's best interest to introduce evidence pertaining to the various factors, the failure to introduce evidence concerning one or more of the factors does not preclude the condemnee from being awarded a reasonable attorney's fee as determined by the trial court. In the instant case, the condemnee's counsel did introduce certain evidence which he believed relevant in aiding the court in arriving at a reasonable attorney's fee.

With regard to the second contention, that the trial court awarded fees for services for work done prior to the perfection of the appeal in the District Court, the record discloses that, while some of the work may have been initially performed in connection with the hearing in county court, it was nevertheless necessary and relevant to the hearing in the District Court. We see little purpose to be served in requiring that the results of work done for the county court proceeding which remain material and relevant in

the District Court, should be discarded and abandoned and the work duplicated and repeated solely so that it may be shown that the work was done in connection with the appeal in the District Court. We hold that the results of any work done in connection with a condemnation proceeding which are relevant and material and properly introduced in evidence on appeal in the District Court, whenever prepared, may be considered by the latter court in awarding a reasonable fee. The District Court is not required to allow a fee for such services. On the other hand, the court should not be precluded from taking such factors into account in determining a reasonable fee.

Turning, then, to the amount of the award, we observe that cases from this jurisdiction can be found encompassing a full range of fees awarded by district courts in condemnation cases. They serve little purpose except to indicate that the awarding of an attorney's fee involves numerous factors which vary from case to case and which must generally be left to the discretion of the District Court, which is most familiar with the factors to be considered. This court has consistently held that the allowance of a reasonable attorney's fee for necessary services performed by an attorney in perfecting an appeal to the District Court will not be reversed on appeal in the absence of abuse of discretion in making the allowance. See, *Jensen v. State, supra; State, ex rel. Sorensen, v. First State Bank of Bethany,* 123 Neb. 620, 243 N.W. 877 (1932). Our review of the record fails to disclose that the trial court abused its discretion. Accordingly, we affirm the judgment of the trial court.

AFFIRMED.

BOSLAUGH, J., concurs in result.
CLINTON, J., not voting.