Filed 7/24/15  Kerper v. Sauer CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| STEVEN ALAN KERPER, | D067430 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIC427898) |
| RICHARD SAUER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, Sharon Waters, Judge.  Affirmed.

Wilson Law Firm and Dennis M. Wilson for Defendant and Appellant.

Newmeyer & Dillion, Leonard Polykov, Joshua B. Bevitz and Angela Reston-Nunez for Plaintiff and Respondent.

Richard Sauer, M.D., appeals from an order awarding postjudgment attorney fees to Steven Alan Kerper for fees incurred in attempting to collect a judgment against Sauer.

Sauer contends that the trial court abused its discretion in awarding attorney fees. We disagree and affirm the order.

FACTUAL AND PROCEDURAL BACKROUND

*Underlying action*

In consolidated cases, MV Eastgate Investors Six, LLC (Eastgate) sued Sauer in connection with a real estate transaction in which Sauer was the seller and Eastgate was the buyer. Sauer sued his agents, Kerper and Silvercrest Realty, Inc., doing business as Prudential California Realty (Silvercrest), for professional negligence. Silvercrest cross-complained against Sauer to recover commissions, attorney fees, and costs and prevailed on a motion for summary judgment on the cross-complaint. The court awarded judgment in favor of Silvercrest in the amount of $152,000 plus $35,232 in attorney fees and costs. The entire judgment was assigned to Kerper.

*Collection efforts*

Kerper's attorneys expended significant efforts in attempting to collect the judgment, including at least six judgment debtor examinations and third party examinations, and six court hearings.

In May 2012, in issuing an order for appointment of a receiver, the court noted that Sauer and the Sauer Corporation had engaged "in the willful obstruction of the due administration of justice in [postjudgment] discovery" by, among other things, failing to engage in postjudgment discovery in good faith, causing undue delays, producing a person most knowledgeable for the Sauer Corporation who did not possess the requisite corporate knowledge, and asserting meritless objections to the production of documents

2

on two separate occasions. The court also noted that it had sanctioned the Sauer Corporation twice and held it in contempt once. The court issued a wage garnishment for 25 percent of Sauer's gross annual salary of $13,740, plus 25 percent of Sauer's $24,000 a year expense account.

Kerper continued collection efforts after uncovering a previously undisclosed Sauer Corporation bank account that had been opened with a $500,000 deposit. In January 2013, the court denied Kerper's requests to reappoint the receiver and for a turnover order. However, Kerper's collection efforts did not cease. In March 2013, the court concluded that missing documents were needed to determine whether the $500,000 was subject to collection. The court appointed a referee to make that determination.

In January 2013, Kerper filed his motion for postjudgment attorney fees. In June 2013, after two hearings and supplemental briefing, the court reduced the fees Kerper sought by $26,537.50 and awarded him $150,003.95 as reasonable fees and costs necessary to enforce the judgment. Kerper's supporting motion papers included declarations of four attorneys, three paralegals and one file clerk. The declarations contained very detailed billing records. The court reduced the award by excluding fees incurred two years prior to the date Kerper filed the motion and excessive or duplicative fees, such as fees spent strategizing, preparing abstracts of judgment, and preparing assignments of judgment to Kerper. The court awarded almost all of the balance of the costs including costs for court reporters, experts, private investigators, printing, copying, scanning, postage, phone conferencing services, and legal database access. Sauer did not object to the paralegal hourly rates and any costs requested.

3

DISCUSSION

*General legal principles*

Sauer argues the trial court abused its discretion in awarding attorney fees because it did not consider appropriate legal factors such as the skill and experience of the attorneys, the nature of the litigation, and the reasonableness and success of counsels' efforts. We reject Sauer's arguments.

In assessing attorney fees, the trial court "begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.' " (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131-1132.) "[T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award. [Citation.] The purpose of such adjustment is to fix a fee at the fair market value for the particular action." (*Ketchum,* at p. 1132.)

We review the trial court's determination of an attorney fee award by applying an abuse of discretion standard. The trial judge is the best judge of the value of professional services rendered and his or her decision will not be reversed unless the appellate court is convinced that it is clearly wrong. (*Serrano v. Priest* (1977) 20 Cal.3d 25, 49 (*Serrano*).) " 'The only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that

4

passion and prejudice influenced the determination.' " (*In re Lugo* (2008) 164 Cal.App.4th 1522, 1544.) A ruling that constitutes an abuse of discretion is " 'so irrational or arbitrary that no reasonable person could agree with it.' " (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.)

*Burden to show error*

The burden is on the party challenging the fee award to provide an adequate record to assess error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 (*Maria P.*).) Sauer has not established, based on the record on appeal, that the trial court did not take the appropriate factors into consideration. Consequently, we may properly reject his contentions without further analysis.

The situation presented in this case mirrors *Maria P.* The prevailing party in that case furnished time records reflecting specific tasks performed by attorneys, the time spent on those tasks and the billing rate. The objecting party relied on a generalized memorandum of points and authorities but failed to present a record of the court's ruling on specific objections to particular billing entries. Because the moving party failed to create a record of purportedly erroneous rulings on specific objections, the *Maria P.* court affirmed the award of attorney fees. (*Maria P., supra,* 43 Cal.3d at pp. 1295-1296.) Based on the similar facts in this case, *Maria P.* requires a rejection of Sauer's appeal.

Sauer claims in his reply brief that because he provided a transcript on appeal, he has satisfied the requirement of an adequate record. However, the transcript establishes that Sauer made no specific objections to any line items in the voluminous billing records submitted by Kerper's counsel. Sauer's failure to challenge specific line items in the

5

billings made it unnecessary for the court to make specific determinations of the appropriateness of the claimed fees.

*Court's consideration of adjustment factors*

Sauer also argues that the trial court considered only billing records but failed to consider other factors, including work product, skill of attorneys, nature of the litigation, amount involved, and experience of the attorneys. Again, Sauer has not demonstrated that the court did not consider those factors. The record shows the court based its decision on careful consideration of the entire record. We therefore presume that the court considered all of the relevant appropriate factors.

The record establishes that the trial court did not award attorney fees and costs on the first motion but required two additional hearings and supplemental briefing and affidavits establishing, in the court's words, "work that was done and the hourly rate being charged by any and all attorneys who worked on the case and any costs that are included . . . in terms of what they [were] and why they were reasonably incurred." The court based its award on affidavits and supporting documentation of attorneys and paralegals detailing the exact nature of the work done, the number of hearings and judgment debtor examinations attended, a description of various motions prepared, legal issues researched, documents reviewed, consultation with forensic accountants, and the hourly rates of each declarant. These affidavits fully complied with the requirement of Code of Civil Procedure section 685.080,[1] which requires a noticed motion supported by

---

[1]     All further statutory references are to the Code of Civil Procedure.

6

affidavit establishing that the costs claimed by a judgment creditor are correct, reasonable and necessary. Although detailed time records are not required (see, e.g., *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1096, fn. 4), each declaration in this case was accompanied by detailed billing records broken down to 10ths of an hour, as reflected in over 225 pages of attorney and staff declarations and related billing records.

Further, after reviewing Kerper's submissions, the trial court reduced the amount of the attorney fee award by properly limiting recoverable collection expenses to those incurred within two years of the date of filing the motion (§ 685.080) and by eliminating excessive or duplicative fees, such as those incurred for attorney time spent strategizing and for preparing assignments of the judgment to Kerper.

Sauer also contends that the trial court's award of attorney fees spent was excessive in comparison to the modest amount actually collected. Attorney fees incurred in enforcing a judgment are included as collectable costs if the underlying judgment includes an award for attorney fees, as in this case. (§ 685.040.) There is no requirement that the judgment creditor achieve success. (§ 685.070; *Bernardi v. County of Monterey* (2008) 167 Cal.App.4th 1379, 1397.) The right to recovery does not depend on the nature of the action or the forum in which expenses were incurred. (*Globalist Internet Technologies, Inc. v. Reda* (2008) 167 Cal.App.4th 1267, 1276.) Sauer's repeated attempts to obstruct Kerper's collection efforts cannot be used as grounds for reducing Kerper's collection costs because Sauer's obstructionist tactics necessitated repeated depositions and motions that should not have been required. In awarding attorney fees,

7

the trial court noted that "the efforts to collect on this judgment [have] of necessity been more extensive than you might think or expect in a routine enforcement of a judgment."

Sauer contends that the award of attorney fees did not take into account the contingency nature of Kerper's attorney fee agreement but does not explain how this factor should have impacted the award of fees. Once again Sauer has not met his burden of establishing that the court did not consider or apply this factor correctly. Accordingly, this argument fails. (*Maria P., supra,* 43 Cal 3d at p. 1295.) Even if this argument were properly supported by the record, the terms of any contingent fee agreement is merely a factor to consider; it does not compel any particular award. (*Vella v. Hudgins* (1984) 151 Cal.App.3d 515, 520.) When a contingency fee agreement is a relevant factor in determining a fee award, it usually results in an enhancement of the lodestar because an attorney working on a contingency basis is in effect loaning out his services and assumes the risk of not being paid. (*Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1217.) Sauer has failed to establish how he was prejudiced by the contingency nature of Kerper's attorney fee agreement.

In summary, the trial court's order awarding fees cannot be reversed on appeal unless an appellate court is convinced the court is clearly wrong. (*Serrano, supra,* 20 Cal.3d at p. 49.) Based on the record before us we find no abuse of discretion in the trial court's determination of attorney fees and costs, and accordingly affirm the trial court's order. Kerper is also entitled to attorney fees incurred in defending this appeal.

8

DISPOSITION

The order awarding attorney fees is affirmed.  Kerper is awarded his costs on appeal.


PRAGER, J.*

WE CONCUR:


McCONNELL, P. J.


IRION, J.

---

*    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9