Filed 9/23/16  Hammond v. Promenade Imports CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CANDICE D. HAMMOND, | D070448 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 30-2014-00713332) |
| PROMENADE IMPORTS LLC, | |
| Defendant and Appellant. | |

APPEAL from a judgment and an order of the Superior Court of Orange County, Robert J. Moss, Judge.  Appeal from the judgment is dismissed as moot; order affirmed.

James G. Lewis, for Defendant and Appellant.

Dickson & Dickson and Robert M. Dickson, for Plaintiff and Respondent.

Defendant Promenade Imports LLC (Promenade) appeals a postjudgment order awarding plaintiff Candice Hammond $61,901.25 in attorney fees as the prevailing party on her cause of action for violation of the Automobile Sales Finance Act[1] (ASFA; Civ.

---

[1]    The notice of appeal identifies both the judgment granting rescission of the subject contract, and the postjudgment order awarding attorney fees.  Hammond filed a motion to dismiss the appeal as to the judgment granting rescission on the ground she had already

Code,[2] § 2981 et. seq.).  Promenade contends the award was excessive considering the nature of the case and the reasonable amount of time it should have taken to prosecute the case.  We affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2014, Hammond sued Promenade for various statutory and common law violations, including ASFA violations under sections 2981.9, 2982, and 2983 et. seq., seeking rescission, statutory damages and attorney fees for not separately listing three accessory items[3] on the pre-contract disclosure and the purchase agreement forms for a 2009 Infinity M35.

After a two-day court trial, the trial court entered judgment in favor of Hammond for rescission of the contract and awarded monetary damages in the amount of $30,035.84.  Hammond filed a postjudgment motion for statutory attorney fees.  In support of the motion, Hammond's attorney, Robert Dickson, filed a declaration stating that he had been a California attorney in good standing since 1988, listing various professional accomplishments and stating that his billing rate was $425 per hour.

---

replaced her vehicle before the notice of appeal was filed rendering it impossible to set aside the transaction.  However, Promenade did not pursue its appeal relating to the judgment of rescission, but restricted its briefing to the postjudgment order awarding attorney fees.  Accordingly, the motion to dismiss the appeal as it pertained to the judgment of rescission is moot.

[2] Undesignated statutory references are to the Civil Code.

[3] An extended warranty, a theft-deterrent device, and a surface protection package.

Dickson attached detailed billing records with over 80 entries totaling 145.65 billable hours.

Promenade did not contest Hammond's entitlement to attorney fees or Dickson's hourly rate, but filed an objection to motion for fees and costs questioning six items: (1) 4.9 hours for drafting a demand letter, (2) 12.5 hours for researching and preparing the complaint, (3) .75 hours for researching background of opposing counsel, (4) 7.25 hours for researching discovery, preparing a 998 offer and notice to appear, (5) 19 hours for trial preparation, and (6) 3.75 hours for drafting the cost bill and motion for attorney fees. Promenade concluded with a short, two-paragraphs argument stating that "[a]ll of the foregoing trial preparation did not include a single deposition on either side. A case of this nature without extensive discovery could have gone from start to completion in one third of the time charged by Hammond." Promenade did not support its argument with any evidence.

After oral argument,[4] the court ruled that under section 2983.4, Hammond was entitled to the attorney fees she requested. The trial court concluded, "The fees sought seem reasonable in time, are properly documented, and the hourly rate is not out of line. Defendants do contend, however, that the plaintiff could have litigated this matter in less time, but this is pure speculation, and there is no evidence to support the argument. Further, defendants are the ones who caused further fees to be expended here, as they required this matter to go to trial, rather than settling the matter, as offered."

---

[4]    There is no reporter's transcript of these proceedings.

Promenade filed a timely notice of appeal from the judgment and order.

DISCUSSION

On appeal, Promenade contends that the trial court abused its discretion in awarding attorney fees of $61,901.25. Relying principally on arguments never raised in the trial court, Promenade requests this court to, in effect, make a de novo determination of the reasonableness of attorney fees awarded by the trial court. However, we cannot consider arguments not raised below. We can only review the trial court's determination on issues Promenade placed before it. In doing so, we must give great deference to the trial court's ruling on attorney fees. Based on the review of the limited trial court record in this case, we cannot say that the trial court abused its broad discretion. Accordingly, we affirm the order.

A trial court's orders granting or denying attorney fees are reviewed for abuse of discretion. (*Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 148.) Our Supreme Court has noted that an experienced trial judge is the best judge of the value of the professional services rendered in his or her courtroom. While the trial court's judgment is subject to review, we will not disturb the court's determination unless we are convinced it is wrong and that the court abused its discretion. (*PCLM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 (*PCLM*).) "Accordingly, there is no question our review must be highly deferential to the views of the trial court." (*Nichols v. City of Taft* (2007) 155 Cal.App.4th 1233, 1239 (*Nichols*).) " 'The only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or so small that it

4

shocks the conscience and suggests that passion or prejudice influenced the determination.' " (*In re Tobacco Cases I* (2013) 216 Cal.App.4th 570, 587.)

In assessing an attorney fee award, we resolve conflicts in the evidence in favor of the prevailing party, and the trial court's resolution of any factual issues is conclusive. (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1322.) However, the trial court's exercise of its discretion must be based upon proper utilization of the lodestar adjustment method, including determination of the lodestar figure. (*Nichols*, *supra*, 155 Cal.App.4th at pp. 1239-1240.) To establish a reasonable fee, the court multiplies the number of hours reasonably expended by a reasonable hourly rate to compute what is called the lodestar, or touchstone. (*Id*. at p. 1240.) "The reasonable hourly rate is that prevailing in the community for similar work." (*PCLM*, *supra*, 22 Cal.4th at p. 1095.)

On appeal, Promenade advances arguments never made below. In its opening brief, Promenade categorizes and lists its billing objections in a different way than it did in the trial court. It concedes that it objected to "some," but not all, of the items it contests on appeal. In the trial court, Promenade objected to 48 hours billed. On appeal, Promenade's objections include all 145.65 hours billed, which it organized into five new categories, encompassing all of Hammond's approximately 80 billing entries. In the trial court, Promenade suggested "reasonable reduction" of two thirds of Hammond's attorney

fees.[5]  However on appeal, it concludes that the entire billing should be cut in half.  In neither instance did Promenade explain how the court should calculate the reduction or present any evidence to support its argument.

For the first time on appeal Promenade advances many arguments never raised below.  It contends that Hammond spent too much time preparing a witness for testimony, and that Hammond should have simply tried the case without live testimony by submitting documents.  It also argues that, with just one exception, of the 4.9 hours Hammond spent in preparation of the pre-litigation letter, Hammond made no time entry for less than 24 minutes.  Based on this observation Promenade speculates that Hammond had a 24-minute minimum time charge for billing entries in preparation of the letter.  It also urges that Hammond spent too much time in settlement negotiations with another defendant.  On appeal, Promenade presents no evidence to support any of its new arguments.  Promenade does not contest that Hammond, as the prevailing party, is entitled to attorney fees or her attorney's hourly rate.

Promenade is essentially asking this court to rule de novo on a motion contesting the amount of attorney fees based on arguments never made in the trial court.  However, issues not presented to the trial court are waived on appeal; a party may not ordinarily change the theory of his or her case for the first time on appeal.  (*Robinson v. Grossman* (1997) 57 Cal.App.4th 634 648-649.)  Objections to fees that are not made in the trial

---

5      In its objections to the motion for fees and costs, Promenade argued that "A case of this nature without extensive discovery could have gone from start to finish in one third of the time claimed by Hammond."

court are waived. (*Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 488 [rejecting challenge to time determination for failure to specify particular hours alleged to be unreasonable].) An appellate court will not engage in an independent review of billing records, but will defer to review by the trial court and will apply the abuse of discretion standard to the trial court's determination. (*Jones v. Union Bank of California* (2005) 127 Cal.App.4th 542, 550.)

On appeal, our review is confined to objections properly raised below. The record of Promenade's objections to Hammond's attorney fees in the trial court consisted of about one page citing a single case followed by two short paragraphs of argument unsupported by any declarations or other evidence.[6] The judge who had presided at the two-day trial rejected as speculative Promenade's argument that Hammond spent too much time on the litigation, noting that Promenade presented no evidence in support of its argument. To the contrary, the judge properly concluded that Hammond's attorney properly documented the reasonable time he spent on the case.

"The amount to be awarded as attorney's fees is left to the sound discretion of the trial court." (*Vella v. Hudgins* (1984) 151 Cal.App.3d 515, 522.) The experienced trial judge heard the trial as well as the argument in support of the motion, which is not part of the record. "The trial judge is in the best position to evaluate the services rendered by an

---

[6]     The record contains no reporter's transcript of the argument. The party challenging a judgment or order has the burden of showing reversible error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) A judgment or order of a lower court is presumed correct. All intendments and presumptions are indulged to support the trial court on matters at which the record is silent. (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.)

attorney in his courtroom; his judgment will not be disturbed on review unless it is clearly wrong." (*Ibid.*)  There is no question that an appellate court's review of an award of attorney fees must be highly deferential to the views of the trial court.  (*Nichols*, *supra*, 155 Cal.App.4th at p. 1239.)[7]  Considering the weakness of Promenade's terse argument in the trial court, which was unsupported by any evidence to contravene Hammond's detailed time records,[8] and the deference we must give to the trial court's determination, we reject Promenade's contentions.

---

[7]     Further when a party opposing an attorney fees motion fails to request a statement of decision with specific findings, all intendments and presumptions are indulged to support the judgment on which the record is silent.  The party must affirmatively show error on the part of the trial court.  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.)

[8]     See *Graciano v. Robinson Ford Sales,* Inc., *supra*, 144 Cal.App.4th at page 156 [In a fee dispute, court notes that unrebutted declarations prevail over mere argument.].  Here, Promenade submitted no evidence to rebut Attorney Dickson's declaration in support of Hammond's attorney fees.

## DISPOSITION

The order is affirmed.  Hammond is to recover costs on appeal.


PRAGER, J.*

WE CONCUR:


BENKE, Acting P. J.


IRION, J.

---

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.