SAM BATTIATO, APPELLANT, V. FALSTAFF BREWING CORPORATION, APPELLEE.

323 N.W.2d 105

Filed August 13, 1982. No. 81-787.

Richard J. Schicker of Schicker & Leahy, for appellant.

Richard L. Walentine of Walsh, Walentine, Miles, Fullenkamp & O'Toole, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CLINTON, J.

This is an appeal from the Workmen's Compensation Court on rehearing. On the original hearing before one judge of the Workmen's Compensation Court an award was made. On rehearing, the court found that the plaintiff failed to prove a causal connection between the accident and injury and the alleged permanent disability. The plaintiff appeals and argues that under the provisions of Neb. Rev. Stat. § 48-163 (Reissue 1978) the court, on its own motion, should have required the production of evidence to remedy the deficiency in proof, if any. *Steward v. Deuel County,* 137 Neb. 516, 289 N.W. 877 (1940). In this connection, see *Coco v. Austin Co., ante* p. 95, 321 N.W.2d 448 (1982).

The defendant argues, among other things, that this court does not have jurisdiction because the notice of appeal was not timely filed.

We find the jurisdictional issue is dispositive of this case and therefore we need not consider other issues raised. Notice of appeal from a decision on rehearing in the Workmen's Compensation Court must be filed within 1 month of the judgment, Neb. Rev. Stat. §§ 48-182 to 48-185 (Reissue 1978) and *Giangrasso v. Eagle Distributing Co.,* 185 Neb. 406, 176 N.W.2d 16 (1970), or within 1 month of the order denying the motion for a new trial, *Meester v. Schultz,* 151 Neb. 614, 38 N.W.2d 739 (1949), and *Hansen v. Paxton & Vierling Iron Works,* 135 Neb. 867, 284 N.W. 352 (1939).

The judgment of the court on rehearing was entered on September 11, 1981. It left no issue undisposed of. The notice of appeal was not filed until October 29, 1981. Clearly, it was out of time.

We, on our own motion, take note of one further matter. On September 15, 1981, the plaintiff filed

in the Workmen's Compensation Court a motion for leave to withdraw his rest "for the purpose of presenting medical evidence as to the issue of causation of the injury and permanent disability," citing the case of *Mead v. Missouri Valley Grain, Inc.,* 178 Neb. 553, 134 N.W.2d 243 (1965). The Workmen's Compensation Court denied the motion. The question arises as to whether the filing of the motion to reopen or withdraw the rest should be treated as a motion for new trial, thus extending the time of appeal and making timely the filing of the notice of appeal. A motion to reopen the case for the purpose of presenting additional evidence to remedy a defect in proof serves a different function than a motion for new trial. See 88 C.J.S. *Trial* §§ 104 to 112 (1955). A motion for new trial may be granted on certain specified grounds listed in the statute. Neb. Rev. Stat. § 25-1142 (Reissue 1979). None of those grounds, with the exception of newly discovered evidence, include remedying defect of proof. The purpose of the motion for new trial is not to inject new matter into an adjudicated case, but is to complain of that which has already been done. It affords the trial court an opportunity to correct its own errors. 66 C.J.S. *New Trial* § 1 (1950). After final judgment has been rendered, the filing of a motion to withdraw a party's rest does not extend the time for appeal.

AFFIRMED.