RODNEY G. ZWYGART, APPELLANT AND CROSS-APPELLEE, V. STATE OF NEBRASKA DEPARTMENT OF ROADS, APPELLEE AND CROSS-APPELLANT.

430 N.W.2d 301

Filed October 14, 1988. No. 86-507.

John M. Gerrard, of Domina & Gerrard, P.C., for appellant.

Robert M. Spire, Attorney General, John E. Brown, and

Jeffery T. Schroeder for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and GITNICK and GARDEN, D. JJ.

GARDEN, D.J.

This is an appeal by the landowner, Rodney G. Zwygart, from a jury verdict in favor of the landowner and against the State of Nebraska Department of Roads, for damages sustained by the plaintiff in the taking of real property in two condemnation proceedings.

The State condemned two separate parcels of land owned by the plaintiff in Pierce County, Nebraska. The board of appraisers appointed by the Pierce County Court awarded the plaintiff $4,680.10 for damages resulting from the taking of the eastern tract, sometimes called "Tract 2," and awarded the plaintiff $2,186.47 for damages resulting from the taking of the western tract, sometimes called "Tract 2A." The plaintiff duly perfected appeals from each award to the district court for Pierce County, Nebraska, wherein the appeals were consolidated for trial to a jury. The jury awarded the plaintiff $5,000 for the 2.09-acre acquisition and remainder damage to Tract 2 and further awarded the plaintiff $2,500 for the 1.37-acre acquisition and remainder damage to Tract 2A. Pursuant to a stipulation of the parties entered into prior to trial, the district court added $50 to each of the verdicts to compensate the plaintiff for abstracting expenses, and entered judgment in each case in favor of the plaintiff for the increased amounts. The plaintiff then filed a motion for the allowance of attorney and expert witness fees on the Tract 2A verdict. The trial court awarded plaintiff attorney fees and expenses in the total amount of $3,520, and expert witness fees and expenses in the total amount of $2,279.56.

The plaintiff filed a motion for new trial as to the verdict on Tract 2A, alleging irregularity in the proceedings by the defendant in substantially misrepresenting to the jury the potential reasonable cost of a frontage road, which irregularity prevented the plaintiff from having a fair trial, and alleging that the jury's verdict was not sustained by sufficient evidence. Plaintiff also alleged that the trial court abused its discretion

and argued that the award of attorney and expert witness fees was insufficient based on the evidence presented at the hearing on fees. The plaintiff also filed a motion for new trial as to the verdict on Tract 2 in substantially the same form. The motions for new trial were overruled, and the plaintiff perfected his appeal in both cases.

The State of Nebraska cross-appealed on the allowance of attorney and expert witness fees, claiming that the $50 abstracting expense should not be added to the verdict of the jury on Tract 2A for the purposes of determining whether that award exceeded the award of the board of appraisers by 15 percent, as required by statute for the allowance of fees.

The first issue for determination is whether the defendant misrepresented facts to the jury concerning the frontage road issue.

The plaintiff's expert on value, Darrell D. Smith, testified in substance that he is a licensed real estate appraiser, that he was employed to make an appraisal of the subject properties, and that he did make such an appraisal. In his opinion, the highest and best use of the property was for agricultural purposes, with a potential of selling off some frontage lots. He further concluded that since Tract 2A would have controlled access, damage would result to the remainder. Concerning a frontage road, Smith testified: "And my experience has been the cost of the frontage road would exceed basically the value of the difference between dry cropland and the value for residential lots so consequently I reverted the three residential lots back to dry cropland." Smith then gave his opinion as to the total damage sustained on each tract as a result of the taking. The following exchange took place on cross-examination:

Q- Did you figure the cost of building a gravel frontage road on either one of those tracts?

A- No, I've had costs figured at various times in doing other appraisal work but I didn't get an estimate in this.

Q- Is it your testimony that the cost of building a frontage road exceeds the return from selling the remaining lots along that frontage road after the taking?

A- Yes, it does.

The defendant's expert Dwight L. Johnson testified that he is

an independent fee appraiser licensed under the laws of the State of Nebraska and that he made an appraisal of Tracts 2 and 2A. He then gave his opinion as to the damage sustained by each tract as a result of the taking. He further testified that the control of access did not damage the subject property. In his opinion, the acreage sites could still be developed after the taking on the basis of a frontage road. The following testimony was received relating to cost:

Q- . . . did you at my request investigate the cost of building such a frontage road?

A- Yes.

Q- Tell me, how did you go about doing that?

A- I called Theisen Brothers and had them give me [an] estimated cost to build a 30-foot road with a 24-foot gravel strip and a shoulder for drainage. They've given me— He gave me an estimate to do that work.

Q- Is that estimate as of the date of August 15, 1984?

A- As of August 15, 1984.

MR. GERRARD: Your Honor, I'm going to object at this point in time on grounds of relevancy as to the fair market value of the property.

THE COURT: Overruled, you may answer.

A- $2,179.

Q- Okay. How long was that road?

A- Quarter of a mile, which is the length of Tract 2A.

The plaintiff claims that he was prevented from having a fair trial because of the above testimony of defendant's appraiser. In support of his motion for new trial, plaintiff offered exhibit 1, the affidavit of John Theisen; exhibit 2, the defendant's response to interrogatories; exhibit 3, the appraisal by Johnson; and exhibit 4, the deposition of Johnson. The court sustained an objection to all items on the ground of relevancy.

Plaintiff's motion for new trial is based on Neb. Rev. Stat. § 25-1142 (Reissue 1985), which provides:

The former verdict . . . shall be vacated and a new trial granted on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party: (1) Irregularity in the proceedings of the . . . prevailing party . . . by which the

party was prevented from having a fair trial . . . .

Neb Rev. Stat. § 25-1144 (Reissue 1985) sets forth the form of the motion for new trial and specifies which grounds must be sustained by affidavits. No provision, other than by affidavit, is made for the receipt of additional evidence upon the motion for new trial. Thus, the trial court was correct in rejecting plaintiff's offer of exhibits 2, 3, and 4. The trial court was also correct in refusing to receive exhibit 1, the affidavit of Theisen. Theisen, in his affidavit, confirmed the information given by him to witness Johnson. Theisen then attempted to counter his prior statements to Johnson based on a subsequent personal inspection of the subject property. This was an attempt by the plaintiff to inject new matter into an adjudicated case, which he could not do. "A failure of proof at the trial may not be cured or supplied by evidence on a motion for a new trial." 66 C.J.S. *New Trial* § 161 at 408 (1950). As stated in *Battiato v. Falstaff Brewing Corp.*, 212 Neb. 474, 476, 323 N.W.2d 105, 106 (1982):

A motion for new trial may be granted on certain specified grounds listed in the statute. Neb. Rev. Stat. § 25-1142 (Reissue 1979). None of those grounds, with the exception of newly discovered evidence, include remedying defect of proof. The purpose of the motion for new trial is not to inject new matter into an adjudicated case, but is to complain of that which has already been done. It affords the trial court an opportunity to correct its own errors.

The record in the present case reflects that the trial court viewed the affidavit and other exhibits as an attempt by plaintiff to present additional evidence which could have been presented at trial. The trial court did not abuse its discretion in refusing to accept the exhibits offered by plaintiff in support of his motion for new trial.

Plaintiff's second assignment of error is that the verdict of the jury is not sustained by sufficient evidence. "Where the evidence is conflicting, this court will not ordinarily interfere with the verdict of the jury unless it is clearly wrong." *Wear v. State of Nebraska*, 215 Neb. 69, 76, 337 N.W.2d 708, 714 (1983). We have also said:

[I]n determining the sufficiency of the evidence to sustain a verdict, the evidence must be considered most favorably

to the successful party, every controverted fact must be resolved in his favor, and he is entitled to the benefit of any inferences reasonably deducible from it. A jury's verdict will not be disturbed unless it is clearly wrong.

*Maloney v. Kaminski*, 220 Neb. 55, 62, 368 N.W.2d 447, 454 (1985).

The plaintiff's expert testified that the damages sustained by plaintiff on Tract 2A were $20,240. Defendant's two experts respectively said plaintiff was damaged $1,963 and $1,920. The jury verdict was $2,500.

The plaintiff's expert testified that the plaintiff sustained damages of $30,925 to Tract 2. Defendant's two experts respectively testified that just compensation was $3,975 and $4,033.50. The jury verdict was $5,000.

Both verdicts were within the range of the expert testimony presented at trial. "Ordinarily, a verdict or award in a condemnation case will be sustained if . . . it is within the range of the testimony of the amount of the value or damages." 27 Am. Jur. 2d *Eminent Domain* § 471 at 397 (1966).

The jury was taken to the site of the two tracts for its own observation of the properties. "[W]here a jury is permitted to view the premises involved in eminent domain litigation, the result of its observations is evidence which, in arriving at a verdict, it may consider in connection with other competent evidence." *Bentz v. Nebraska P.P. Dist.*, 211 Neb. 844, 849, 320 N.W.2d 763, 767 (1982).

The record in the present case supports the verdicts. The jury resolved all conflicts as to damage to the tracts in favor of the defendant on both tracts. In *Vacek v. Ames*, 221 Neb. 333, 336, 377 N.W.2d 86, 89 (1985), we said: "A party who has sustained the burden and expense of trial, and who has succeeded in securing a verdict on the facts in issue, has a right to keep the benefit of that verdict."

Plaintiff's third assignment of error was that the award of fees and expenses was insufficient, based on the evidence presented at the fee hearing. The defendant cross-appealed on this issue, claiming that no fees and expenses should have been awarded.

Neb. Rev. Stat. § 76-720 (Reissue 1986) provides:

> If an appeal is taken from the award of the appraisers by the condemnee and the amount of the final judgment is greater by fifteen per cent than the amount of the award . . . the court may in its discretion award to the condemnee a reasonable sum for the fees of his or her attorney and for fees necessarily incurred for not more than two expert witnesses.

The defendant argues that the verdict of the jury of $2,500 should be considered in determining the fees and expenses issue. The appraiser's award was $2,186.47. Absent the $50 for abstracting as stipulated by the parties, the verdict of the jury would not exceed the appraisers' award by 15 percent. This argument ignores the plain import of the statute. Section 76-720 refers to "the final judgment," and not to the verdict of the jury. In the present case, the parties by stipulation agreed that a $50 abstracting fee should be "added to the award which is returned in each case after the verdict." The verdict is the act of the jury in determining the amount of the recovery. See Neb. Rev. Stat. § 25-1119 (Reissue 1985). Neb. Rev. Stat. § 25-1301 (Reissue 1985) provides:

> (1) A judgment is the final determination of the rights of the parties in an action.
>
> (2) Rendition of a judgment is the act of the court, or a judge thereof, in pronouncing judgment, accompanied by the making of a notation on the trial docket, or one made at the direction of the court or judge thereof, of the relief granted or denied in an action.
>
> (3) Entry of a judgment is the act of the clerk of the court in spreading the proceedings had and the relief granted or denied on the journal of the court.

The trial court was correct in adding the stipulated amount to the jury verdict prior to the entry of the judgment thereon. In so doing, the final judgment exceeded the award of the appraisers by 15 percent. As a result thereof, the plaintiff is entitled to fees and costs on Tract 2A. The defendant would have us apply *Schneekloth v. County of Sarpy*, 214 Neb. 618, 335 N.W.2d 296 (1983), to the case at bar. *Schneekloth* is distinguished on its facts, in that the stipulation in *Schneekloth* did not provide that the stipulated amount would be "added to the award . . .

returned . . . after the verdict."

The final matter for determination is whether the trial court abused its discretion in awarding $3,520 for plaintiff's attorney fees and expenses and $2,279.56 for expert witness fees and expenses.

The elements to be considered in awarding attorney and expert witness fees under § 76-720 were set out in *Prucka v. Papio Nat. Resources Dist.*, 206 Neb. 234, 237, 292 N.W.2d 293, 296 (1980).

> "We have said many times that in the determination of a reasonable attorney's fee there should be considered the importance of and the result of the case, the difficulties thereof, the degree of professional skill demonstrated, the diligence and ability required and exercised, the experience and professional training of the attorney, the difficulty of the questions of fact and law that are raised, and the time and labor necessarily required in the performance of those duties."

In applying each of the above elements to the present case, we find no abuse of discretion on the part of the trial judge in the award of fees and costs.

The judgment is affirmed.

AFFIRMED.