Filed 9/28/15  Riverisland Cold Storage v. Fresno-Madera Production credit Assn. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RIVERISLAND COLD STORAGE INC., et al., | F069366 |
| Plaintiffs and Appellants, | (Super. Ct. No. 08CECG01416) |
| v. | |
| FRESNO-MADERA PRODUCTION CREDIT ASSOCIATION, | **OPINION** |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Judge.

Wild, Carter & Tipton and Steven E. Paganetti for Plaintiffs and Appellants.

Lang, Richert & Patch and Scott J. Ivy for Defendant and Respondent.

-ooOoo-

Plaintiffs appeal from a postjudgment order awarding attorney fees to defendant. Plaintiffs contend the award included fees that were excessive, duplicative, and unreasonable.  We find no abuse of discretion and affirm.

### *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiffs sued defendant, alleging in several causes of action that plaintiffs and defendant negotiated a forbearance agreement, by which defendant agreed to extend plaintiffs' existing loans for two years in exchange for plaintiffs' agreement to put up two

ranches as additional security for the loans. The written agreement defendant prepared, however, provided for a six-month extension and included plaintiffs' residence and a truck yard in the additional security. Plaintiffs signed the written forbearance agreement without reading it.

Defendant moved for summary judgment, asserting plaintiffs were bound by the written contract, and parol evidence of an oral agreement to different terms was not admissible. The trial court granted the motion and entered judgment for defendant. We reversed, concluding the fraud exception to the parol evidence rule made evidence of the misrepresentations alleged by plaintiffs admissible. Defendant sought review in the Supreme Court, which overruled the prior Supreme Court precedent on which defendant had relied and affirmed our judgment. (*Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Assn*. (2013) 55 Cal.4th 1169.)

On remand to the trial court, defendant again moved for summary judgment, contending plaintiffs were required to show justifiable reliance on defendant's alleged oral misrepresentations in order to establish the fraud exception to the parol evidence rule. It asserted plaintiffs could not do so because the contract set out the material terms in writing, plaintiffs had the opportunity and ability to read the contract before they signed it, and plaintiffs simply failed to read the contract. The trial court again granted summary judgment in favor of defendant. Defendant then moved for an award of attorney fees pursuant to a provision in the forbearance agreement for recovery of attorney fees by the prevailing party. The trial court granted the motion, reduced some of the amounts requested by defendant, and awarded a total of $245,920.50 to defendant. Plaintiffs appeal the award of attorney fees.

## DISCUSSION

### I.    Standard of Review

In the trial court, "the burden is on the party seeking attorney fees to prove that the fees it seeks are reasonable." (*Gorman v. Tassajara Development Corp.* (2009) 178

2.

Cal.App.4th 44, 98 (*Gorman*).) On appeal, however, we presume the judgment is correct and the appellant must establish prejudicial error. (*Id.* at p. 67.) The amount of the fee award is reviewed for abuse of discretion. (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175.)

## II. Award of Attorney Fees

Attorney fees may be awarded to the prevailing party as part of an award of costs, when an award of fees is authorized by contract. (Code Civ. Proc., §§ 1032, subd. (b), § 1033.5, subd. (a)(10)(A); Civ. Code, § 1717, subd. (a).) The fees awarded must be reasonable in amount and reasonably necessary to the conduct of the litigation. (Code Civ. Proc. § 1033.5, subd. (c)(2) & (3).) "The amount to be awarded as attorney's fees is left to the sound discretion of the trial court. The trial judge is in the best position to evaluate the services rendered by an attorney in his courtroom; his judgment will not be disturbed on review unless it is clearly wrong." (*Vella v. Hudgins* (1984) 151 Cal.App.3d 515, 522 (*Vella*).)

The first step in fee setting is determining the lodestar amount, that is, "the number of hours reasonably expended multiplied by the reasonable hourly rate…. The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 (*PLCM*).) The factors the trial court may consider include: "'"the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded [citation]; the intricacies and importance of the litigation, the labor and the necessity for skilled legal training and ability in trying the cause, and the time consumed."'" (*Martino v. Denevi* (1986) 182 Cal.App.3d 553, 558.)

In determining the lodestar figure, the trial court need not specify which fees or hours it is allowing or disallowing. "'In California, the trial court has no sua sponte duty

3.

to make specific factual findings explaining its calculation of the fee award and the appellate courts will infer all findings exist to support the trial court's determination.'" (*Taylor v. Nabors Drilling USA, LP* (2014) 222 Cal.App.4th 1228, 1250.) The trial court is not required to identify each item it found to be unsupported or unreasonable because ""'"[w]e do not want 'a [trial] court, in setting an attorney's fee, [to] become enmeshed in a meticulous analysis of every detailed facet of the professional representation. It … is not our intention that the inquiry into the adequacy of the fee assume massive proportions, perhaps dwarfing the case in chief.'"'"" (*PLCM*, *supra*, 22 Cal.4th at p. 1098.)

In its motion for attorney fees, defendant requested total fees of $287,612. The total was broken down into three segments. Defendant requested $57,627 for the period through the granting of defendant's first motion for summary judgment and the entry of judgment thereon.[1] Defendant requested $195,712.50 for the appeals to the Court of Appeal and the Supreme Court. It requested $34,272.50 for the period after remand to the trial court, through entry of the second judgment. In support of the fee motion, defendant submitted detailed billing records for its counsel, Lang, Richert and Patch, and for a second firm, Dowling Aaron Incorporated, apparently hired as appellate specialists to assist with the appeal to the Supreme Court. The records showed the number of hours spent, the tasks performed, and the rate at which each attorney's or paralegal's time was billed.

In opposition, plaintiffs asserted the amount billed for services incurred in connection with the appeal to the Supreme Court was excessive and duplicative, because the two firms employed by defendant engaged in similar tasks or participated in the same tasks. Plaintiffs pointed out that the Dowling firm billed for preparation for oral

---

[1] The amount requested was the amount the trial court awarded as attorney fees in response to defendant's motion, which was made after the first judgment was entered and before the reversal on appeal. Plaintiffs do not challenge this portion of the attorney fee award.

argument even though the only attorney who appeared for oral argument in the Supreme Court was Mr. Ivy from the Lang firm. Plaintiffs contended the fees billed for certain other services were not proper charges.

Plaintiffs also challenged the fees requested for the period after remand, which included fees for the second summary judgment motion. They contended the motion was not complex, in that it addressed only the issue of reasonable reliance on defendant's alleged misrepresentations, and it materially duplicated matter contained in the first summary judgment motion, defendant's brief in the first appeal in this court, and the reply brief in the Supreme Court.

Finally, plaintiffs asserted the fees for the prior appeal in this court should have been reduced because the issues, research, and analysis it involved were covered in the first motion for summary judgment.

The trial court awarded attorney fees in an amount less than that requested by defendant. It began with the amount defendant requested. It eliminated certain charges it concluded were for purely clerical or secretarial tasks. It reduced certain charges for services for the appeal to this court and for preparation of the second summary judgment motion that it concluded were excessive. The trial court also reduced some charges by each firm for the Supreme Court appeal, where it found duplication, unnecessary oversight of other attorneys' work, and charges for noncompensable clerical work.

In its order awarding attorney fees, the trial court directly addressed points raised in plaintiffs' opposition to the motion, and made the deductions it believed necessary to arrive at reasonable attorney fees for the work performed over the course of the litigation. In this appeal, the burden is on plaintiffs to demonstrate that the trial court abused its discretion in its award of attorney fees. (*Gorman, supra,* 178 Cal.App.4th at p. 98.) In their opening brief, however, plaintiffs did not attempt to make that showing. Instead, plaintiffs' opening brief repeats, often verbatim, the arguments made in its opposition in the trial court. It complains the amounts defendant requested as fees were excessive and

duplicative and implores this court to exercise its discretion to reduce them. Our task, of course, is not to exercise our own discretion to adjust the fees requested by defendant to an appropriate, reasonable amount, but to review the exercise of discretion by the trial court.

Plaintiffs' opening brief graphically illustrates the imprudence of simply regurgitating the content of a trial court memorandum of points and authorities in an appellate brief, instead of tailoring the brief to the standard of review applicable in the reviewing court. Plaintiffs' opening brief did not address the trial court's order or the action the trial court took in reducing certain charges included in defendant's invoices. Plaintiffs failed to even acknowledge that the trial court did, in fact, award less than the amounts requested by defendant, after making the deductions it deemed warranted. Plaintiffs made no effort to demonstrate that the court abused its discretion by not further reducing those charges or by failing to reduce other charges.

After defendant, in its respondent's brief, pointed out these shortcomings in plaintiffs' opening brief, plaintiffs attempted to correct the problem in their reply brief. Ordinarily, we will not consider points raised for the first time in a reply brief; this is a matter of fairness, because the respondent is deprived of the opportunity to effectively respond. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.) Because plaintiffs arguably raised the pertinent issues in the opening brief, although not with adequate specificity, we will not disregard the arguments made in the reply brief. We find them unpersuasive, however.

### A.   *Fees for appeals*

Plaintiffs seem to suggest the fees for the appeals to this court and to the Supreme Court should have been reduced because defendant was unsuccessful in those appeals. When a party is entitled to attorney fees pursuant to a contractual provision which provides for recovery of attorney fees by the party prevailing in the litigation, that recovery may include fees for an unsuccessful interim appeal. (*Snyder v. Marcus &*

6.

*Millichap* (1996) 46 Cal.App.4th 1099, 1103.) The trial court was not required to reduce the fees awarded because of the unsuccessful interim appeals.

Plaintiffs also assert the services performed for the appeal to the Supreme Court were substantially duplicative of the services performed in the appeal to this court, so an award of fees for services connected with the Supreme Court appeal that was 15 times the award for services in the appeal to this court was excessive and unreasonable. The issues in the two appeals were substantially different, however.

When the trial court considered defendant's first motion for summary judgment and when this court reviewed the judgment entered after that motion was granted, both courts were bound by existing Supreme Court precedent. The arguments in the trial court and in this court focused on interpretation and application of prior case law, including *Bank of America etc. Assn. v. Pendergrass* (1935) 4 Cal.2d 258 (*Pendergrass*).

The Supreme Court, however, was not bound to follow its own precedent. In the Supreme Court, the parties argued for and against overruling *Pendergrass*. This required a different focus and different arguments. Plaintiffs' assertion that the Supreme Court services duplicated the Court of Appeal services fails to take this difference into account.

The trial court's ruling on the attorney fee motion indicates it conducted a detailed review of the invoices for work performed in the Supreme Court. It reviewed and reduced the time the Lang firm charged for legal research, as well as revision and editing of the appellate specialist's work. It reduced the amount charged for the Lang firm's preparation for oral argument, stating that "[t]raining time is not compensable." The trial court found the time spent by the Dowling firm on the petition for rehearing, petition for review, reviewing the record, and conducting research prior to the petition for review was reasonable, but it reduced the fees for researching and drafting the brief on the merits by 20 percent. It also excluded certain fees for tasks it deemed clerical. Plaintiffs have not demonstrated that the resulting award of attorney fees in connection with the appeals was "manifestly excessive in the circumstances." (*Children's Hospital & Medical Center v.*

7.

*Bontá* (2002) 97 Cal.App.4th 740, 782.)  Thus, they have not established an abuse of discretion.

### B.     *Postappeal fees*

Plaintiffs contend the fees awarded for the second motion for summary judgment were excessive because that motion duplicated research, analysis, and writing from the first motion for summary judgment and the briefs in this court and in the Supreme Court. They assert defendant was awarded attorney fees "a fourth time for work that was previously performed."  They do not cite to the specific places in the record where any such duplication occurred.

The trial court's ruling discussed the amounts charged for the second summary judgment motion and the similarity of issues between that motion and the briefs on appeal.  It then reduced the fees for preparation of the motion by approximately one-third. It also reduced the fees for preparation for oral argument.  The total reduction in the fees for postappeal services was approximately 31 percent.  Plaintiffs have not established that the amount the trial court awarded for postappeal fees was "clearly wrong."  (*Vella, supra*, 151 Cal.App.3d at p. 522.)  Thus, they have not demonstrated an abuse of the trial court's discretion.

## *DISPOSITION*

The April 10, 2014, order awarding defendant attorney fees is affirmed. Defendant is entitled to its costs on appeal.

_____

HILL, P.J.

WE CONCUR:


_____

LEVY, J.



_____

FRANSON, J.

8.